POOR QUALITY ORIGINAL

Case: 2:24-cv-12118
Assigned To: Hood, Denise Page
Referral Judge: Grand, David R.
Assign. Date: 8/13/2024
Description: CMP KELLY V. BENSON ET AL (AB)

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEPHEN P. KELLY,
General Delivery,
U.S. Post Office,
Sheboygan, MI 49721,
    Plaintiff,

vs.

JOCELYN BENSON, in her official capacity as Secretary of State of the State of Michigan, 430 West Allegan Street, 4th Floor, Lansing, Michigan 48918,
    Defendant(s).

## VERIFIED COMPLAINT

### NATURE OF THE CASE

(1) This is an action brought pursuant to 42 U.S.C. § 1983 in which to enforce rights guaranteed to the Plaintiff by the First and Fourteenth Amendments to the United States Constitution! At issue is in fact Michigan's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the in the

(1)

upcoming November election! Plaintiff here does in fact seek declaratory and injunctive relief prohibiting the defendants from enforcing the unconstitutional ballot access scheme.

## JURISDICTION AND VENUE

(2) This court obtains original jurisdiction over this case pursuant to Article III of the United States Constitution and under 28 U.S.C. §§ 1331, and 1343(a)(3).

(3) This suit is authorized by 42 U.S.C. § 1983.

(4) Declaratory judgment is authorized by 28 U.S.C. §§ 2201 and 2202.

(5) Venue is proper in the Eastern District of Michigan because each event giving rise to this action accrued within the Eastern District of Michigan! 28 U.S.C. § 1391(b).

(2)

## PARTIES

(6) Plaintiff STEPHEN P. KELLY, is a United States citizen and is a resident of the State of Michigan!

(7) He is in fact a resident of Cheboygan County Michigan.

(8) He is seeking to run for United States Congress as an independent candidate for the upcoming general election in 2024!

(9) Defendant JOCELYN BENSON is the Secretary of State of the state of Michigan and is charged by statute in which to enforce Michigan's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election term.

(10) She is sued in her official capacity only!

(3)

## FACTUAL BACKGROUND

(11) Michigan Legislation creates a two tiered ballot access scheme for candidates seeking to run for non-presidential offices: one for qualified parties and one of which for independent and minor-party candidates.

(12) A qualified party is in fact any party whom which obtained a state-wide office at which met a certain vote threshold in either of the last two general elections or that submitted a party-qualifying petition meeting the requirements of Mich. Code. of Elections.

(13) Qualified parties nominate their candidates by primary election, and their nominees appear automatically upon the general election ballot.

(14) In order to appear on the primary-election ballot, candidates seeking the nomination of a qualified party need only to submit a declaration for nomination and to pay the filing fee prescribed by Mich. election codes!!!

(15) The declaration for nomination form does not require the candidate to collect or submit any petition signatures!!!

(16) This form is in fact due 75 days prior to the primary election at which the candidate seeks to appear upon the ballot pursuant to the Michigan election code.

(17) Independent and minor-party candidates, on the other hand, appear on the general-election ballot only if the candidate or party submits a nominating petition meeting the requirements of the distorted election code, and pays the filing fee prescribed by the diverse election code!

(18) Nominating petitions must contain the signatures of at least 5% of the votes cast for the successful candidate for the same office in the last general election.

(19) Nominating petitions for independent and minor-party candidates seeking to appear upon the general-election ballot are in fact due prior to the date of the primary election for qualified parties, 75 days.

(20) This year, the deadline for nominating petitions was in fact March 27th, 2024, which rises as a clear callender conflict!!

(21) The number of signatures required for independent and minor-party candidates for United States Senate/Congress in 2024 is 9,993, and the filing fee is $1,894.00.

(22) The Michigan Legislature amended the ballot-access scheme for independent and minor-party candidates during the Legislature's regular session in 2023!!!

(23) Prior to the 2023 amendment, the nominating petition deadline was the first Monday in August and no filing fee was required!!

(24) This is in fact the second year in which the new ballot-access scheme has applied to a statewide general election!

(25) The new ballot access scheme for independent and minor-party candidates requires potential candidates to decide whether to run prior to the potential nominees of qualified parties are known!

(26) The new ballot access scheme for independent and minor-party candidates effectively requires potential candidates or parties to collect a large numeration of signatures during the very often-harsh Michigan winter!

(27) Michigan's ballot-access scheme imposes severe and unjustified burdens and excessive hardships upon voters whom desire to vote for independent and minor-party candidates in the general election.

(28) In furtherance, Plaintiff KELLY, is in fact an indigent citizen and has constitutional freedoms secured under the Fourteenth Amendment, ("equal protection"), where this state governmental defendant/ the secretary of state has, and still, continues to most unlawfully deny — KELLY to file a fee waiver in which to find him financially exempt of the states filing fee in light of his sought campaign for an office in U.S. Congress!

## CLAIM ONE

(29) Michigan's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the general election violates rights

(8)

guaranteed to this Plaintiff by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

### CLAIM TWO

(30) Defendant's, has, and still yet, continues to violate Plaintiff's equal protection rights in which to file a financial waiver exempting him from paying the filing fee to the Michigan Secretary of State, equal to a citizen whom which obtains suitable finances in which to actually pay the filing fee!

### CLAIM THREE

(31) Defendant's, the State of Michigan Secretary of State, in fact obtains an unlawful scheme and an unlawful policy in the severe interference and violation of a citizen's liberty to access a filing fee waiver in which to run for any political office, where the defendant's policy is clearly the moving force of the violation of

(9)

of constitutional rights!

RELIEF

(32) A real and actual controversy exists between the parties!!

(33) Plaintiff has no adequate remedy at law other than this action for declaratory and injunctive relief!

(34) Plaintiff is in fact suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this court.

WHEREFORE, Plaintiff respectfully request the entry of a judgment as follows:

(1) take original jurisdiction over this case;

(2) enter a declaratory judgment that Michigan's ballot access scheme for independent and minor-

(10)

-party candidates seeking to run for non-presidential offices in the November general election violates rights guaranteed to plaintiff by the First and Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983;

(3) Enjoin the defendant's from enforcing Michigan's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election;

(4) Award plaintiff with punitive damage awards in result of the hardship in the excessive and unreasonable time in awaiting for corrective action to be taken by this court, and state defendants forcing plaintiff to seek judicial redress as such;

(5) Enter an injunctive order prohibiting state defendant's from continuing to unlawfully refuse plaintiff from his Fourteenth

amendment constitutional rights in which to file as an indigent party, and to obtain a waiver of the filing fee!!!

I declare under the penalty of perjury the foregoing to be true and correct.

Signed this, 9th, Day of August, 2024.

_Stephen P. Kelly_
(SIGNATURE OF PLAINTIFF)



TO:
Clerk, United States Dist. Court.
Federal Courthouse.
231 W. Lafayette Street. #599.
Detroit, Michigan 48226

Hen P. Kelly
Legal Delivery.
Post office.
Dugan, MT 49721